WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

GREGORY C. WISE,                )
                                )
        Plaintiff,              )
                                )
        v.                      )        CIV 06-02027 PHX MEA
                                )
NCD INCORPORATED,               )        MEMORANDUM AND ORDER
                                )
        Defendant.              )
_____ )

        All of the parties have consented to the exercise of magistrate judge jurisdiction over this case, including the entry of final judgment.  Before the Court is Defendant's Motion to Dismiss (Docket No. 8).

**Background**

        After January 28, 2003, and before June 24, 2004, Plaintiff filed a claim with the EEOC asserting Defendant terminated his employment in violation of the Americans with Disabilities Act ("ADA").  On June 24, 2004, after conducting an investigation, the EEOC found reasonable cause to believe Defendant violated the ADA by terminating Plaintiff's employment based on his disability.  The EEOC's finding was provided to Defendant on or about June 24, 2004.

Defendant filed for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on July 13, 2005.  On July 22, 2005, the bankruptcy court entered an order setting a bar date for proofs of claim, requiring any and all claims against the bankruptcy estate of Defendant be filed by September 16, 2005.  Plaintiff did not file a proof of claim in the bankruptcy proceeding.  Plaintiff was not listed as a creditor, nor was his ADA claim scheduled as a liability, in the bankruptcy proceeding.  On March 23, 2006, the Trustee filed a Plan of Reorganization for Defendant, which plan was confirmed on June 22, 2006.

The only fact asserted regarding Plaintiff's actual or constructive knowledge of Defendant's bankruptcy proceeding is alleged by Defendant.  Defendant attaches to the reply an email from Defendant's counsel to an EEOC investigator dated May 25, 2006.  Counsel asks for an "update and explanation of where this issue is so that [they could] evaluate its status in the bankruptcy."  Docket No. 15, Exh. A.  The EEOC investigator replied to Defendant's counsel that the EEOC was aware of the pending bankruptcy proceedings.

On May 23, 2006, two days before the email exchange between the EEOC and Defendant's counsel, the EEOC issued Plaintiff a "right to sue" letter regarding his ADA claim against Defendant.  Complaint at para. 16.

On August 21, 2006, Plaintiff filed his complaint alleging Defendant is liable to Plaintiff because his employment was terminated in violation of the Americans with Disabilities Act.  On September 18, 2006, in lieu of an answer, Defendant

filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  Defendant asserts Plaintiff's ADA claim was discharged pursuant to Chapter 11 of the Bankruptcy Code.

## Analysis

Defendant asserts that dismissal of Plaintiff's ADA claim is warranted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted.

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).  Although the face of the pleadings may indicate the plaintiff's chance of recovery is remote or unlikely, that is not the test for whether dismissal for failure to state a claim is warranted.  See McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). The complaint should not be dismissed unless the plaintiff is not entitled to relief under any set of provable facts.  See, e.g., Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 951 (9th Cir. 2005); McGary, 386 F.3d at 1270; Broam v. Bogan, 320 F.3d 1023, 1033 (9th Cir. 2003).

Defendant asserts the complaint must be dismissed because Plaintiff's claim is barred by the discharge of the

-3-

claim in Defendant's Chapter 11 bankruptcy proceeding.  Because Plaintiff failed to assert his extant ADA claim in the bankruptcy proceedings, Defendant argues, the claim was discharged in the bankruptcy.[1]  Defendant also asserts Plaintiff had at least constructive knowledge of the bankruptcy proceeding.

Plaintiff contends the bankruptcy did not discharge Plaintiff's claim because Defendant did not list or schedule Plaintiff's claim in the bankruptcy proceeding, despite Defendant's knowledge of the potential claim.  Plaintiff contends his claim was not discharged in the bankruptcy because, prior to filing for bankruptcy, Defendant "had actual and ample notice as to Plaintiff's discrimination claims as alleged in the Complaint."  Docket No. 10 at 2.  Plaintiff contends Defendant was required to list Plaintiff as a creditor in the bankruptcy proceedings because Defendant was aware of Plaintiff's claim against Defendant.  Plaintiff contends that, because "Defendant intentionally avoided naming Plaintiff [] as a creditor in its list of creditors...," Plaintiff's claim was not subject to

---

[1] Defendant initially contends Plaintiff's "claim" arose on or about January 28, 2003, when Plaintiff's employment was terminated. Docket No. 8 at 3.  The Court notes Defendant argues in the Reply that "Since Plaintiff failed to have a claim against the Debtor until the EEOC issued the Plaintiff's Right-To-Sue Letter, NCD actions were reasonably calculated to inform interested creditors." Docket No. 15 at 2.  This last statement is incorrect; Plaintiff's ADA claim arose on the date he was terminated and not on the date the jurisdictional prerequisite to suit was satisfied by the issuance of the right to sue letter.  See O'Loghlin v. County of Orange, 229 F.3d 871, 874 (9th Cir. 2000); McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 (8th Cir. 1996).

discharge in bankruptcy.  <u>Id.</u> at 4.

Defendant replies that the "exclusion of Plaintiff on the Debtor's list of creditors is not dispositive of whether the Plaintiff's claim was discharged pursuant to the Confirmation Order.  The key issue is that the Plaintiff has been unable to demonstrate that he did not have notice of NCD's pending Chapter 11."  Docket No. 15 at 2.  Defendant argues that, because

> plaintiff failed to have a claim against the Debtor until the EEOC issued the Plaintiff's Right to Sue Letter, NCD actions were reasonably calculated to inform interested creditors.  The EEOC issue[d] its Right-To-Sue prior to the entry of the Confirmation Order.  Therefore, arguably the Plaintiff had, at a minimum, constructive notice of the pending Chapter 11.

<u>Id.</u>  Defendant contends that, because Plaintiff had at least constructive notice of the bankruptcy, Plaintiff's claim was discharged and is precluded.

The initial burden is on the pre-petition creditor, i.e., Plaintiff, to show his claim was not duly scheduled in the bankruptcy proceeding; this showing establishes the claim is not *per se* precluded by its discharge in the bankruptcy.  <u>See</u> <u>Hill v. Smith</u>, 260 U.S. 592, 595, 43 S. Ct. 219, 220 (1923).  <u>Cf.</u> <u>In re Casini</u>, 307 B.R. 800, 809 (Bankr. D.N.J. 2004) (placing the burden on the plaintiff to establish the claim fit an exception to discharge); <u>In re Paul</u>, 194 B.R. 381, 384 (Bankr. D.S.C. 1995) (reaching this conclusion in a case brought by the debtor to "reopen" bankruptcy proceedings to schedule and discharge the plaintiff's claim).  <u>But</u> <u>see</u> <u>In re Enciso</u>, 300 B.R. 235, 241 (Bankr. W.D. Pa. 2003) (collecting and discussing cases

-5-

involving the assignment of the burden of proof regarding the dischargeability of liabilities). If Plaintiff establishes his claim was not scheduled, the burden shifts to Defendant to produce evidence that Plaintiff had notice of the bankruptcy proceeding and failed to file a claim, resulting in the conclusion the claim was discharged. See Hill, 260 U.S. at 595, 43 S. Ct. at 220 (debtor must prove that creditor omitted from schedule had actual knowledge of bankruptcy proceedings); In re Myrvang, 232 F.3d 1116, 1121 (9th Cir. 2000).

A debtor may not constitutionally discharge a potential plaintiff's claim in Chapter 11 proceedings unless the potential plaintiff is given "reasonable" notice of the proceedings. In re Maya Constr. Co., 78 F.3d 1395, 1398 (9th Cir. 1996). When determining if notice was reasonable, the Court must consider whether the debtor's efforts in selecting a means likely to inform the affected individual were adequate, not whether the potential plaintiff actually received notice of the bankruptcy proceedings. See id. at 1399. The determination of whether the debtor's efforts at notice were reasonable is a fact-specific inquiry. See In re Eagle Bus. Mfg., Inc., 62 F.3d 730, 735 (5th Cir. 1995).

The Ninth Circuit Court of Appeals has stated:

> it is the debtor's knowledge of a creditor, not the creditor's knowledge of his claim, which controls whether the debtor has a duty to list that creditor.
> ***
> ... if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations. The fact that a creditor has

1          actual knowledge that a Chapter 11 bankruptcy
           proceeding is going forward involving a
2          debtor does not obviate the need for notice.

3  Id. at 1398-99.

4       This inquiry as to whether notice was reasonable may

5  depend on whether the plaintiff was a "known" or "unknown"

6  creditor.  See DePippo v. Kmart Corp., 335 B.R. 290, 295-96

7  (S.D.N.Y. 2005).  Known creditors of the debtor must receive

8  actual notice, as opposed to constructive notice, of the

9  proceeding.  In re Maya Constr., 78 F.3d at 1399 ("The burden is

10 on the debtor to cause formal notice to be given; the creditor

11 who is not given notice, even if he has actual knowledge of

12 reorganization proceedings, does not have a duty to investigate

13 and inject himself into the proceedings").

14      The United States Supreme Court has characterized a

15 "known creditor" as "one whose identity is either known or

16 'reasonably ascertainable by the debtor.'"  Tulsa Prof'l

17 Collection Serv., Inc. v. Pope, 485 U.S. 478, 490, 108 S. Ct.

18 1340, 1347 (1988), quoted in Chemetron Corp. v. Jones, 72 F.3d

19 341, 346 (3d Cir. 1995).  A creditor's identity is "reasonably

20 ascertainable" if it can be discovered through reasonably

21 diligent efforts.  See Mennonite Bd. of Missions v. Adams, 462

22 U.S. 791, 798 n.4, 103 S. Ct. 2706, 2711 n.4 (1983).  "A debtor

23 need not be onmipotent or clairvoyant.  A debtor is obligated,

24 however, to undertake more than a cursory review of its records

25 and files to ascertain its known creditors."  In re Texaco Inc.,

26 182 B.R. 937, 955 (Bankr. S.D.N.Y. 1995).  A claim is reasonably

27 ascertainable if the debtor has "in his possession, at the very

28                              -7-

least, some specific information that reasonably suggests both the claim for which the debtor may be liable and the entity to whom he would be liable." In re Crystal Oil Co., 158 F.3d 291, 297 (5th Cir. 1998). See also Solow Bldg. Co., LLC v. ATC Assoc., Inc., 175 F. Supp. 2d 465, 471-72 (E.D.N.Y. 2001); In re U.S.H. Corp., 223 B.R. 654, 660 (Bankr. S.D.N.Y. 1998).

Defendant could not be said to "lack knowledge" of Plaintiff's ADA claim, as Defendant had specific knowledge of the EEOC proceedings in June of 2004, a year before entering bankruptcy proceedings. Reasonably diligent efforts by Defendant would have, and evidently did, result in the ascertainment of the identity of Plaintiff and his potential claim. Because there is no dispute Defendant knew about the EEOC proceedings in June of 2004 and enquired as to the status of those proceedings during the bankruptcy in May of 2006, the Court concludes Plaintiff was a "known" creditor. Compare In re Crystal Oil Co., 158 F.3d at 297-298; DePippo, 335 B.R. at 296 (concluding an individual with a potential civil rights claim against a debtor business had an "unknown" claim and due process did not bar the discharge of the claim by notice via publication in a newspaper where the debtor business did not know the customer intended to assert a claim).

There is no factual allegation that Defendant provided Plaintiff, a known creditor, with actual notice of the bankruptcy proceeding. The parties do not dispute that Plaintiff was not listed as a creditor or that his claim was not scheduled as a potential liability. Therefore, Plaintiff's

-8-

1   claim was not discharged in the bankruptcy. <u>Cf.</u> <u>Solow Bldg.</u>

2   <u>Co., LLC</u>, 175 F. Supp. 2d at 473 (concluding the plaintiff's

3   claim not discharged in bankruptcy because the debtor should

4   have known identity of creditor and the debtor did not disclose

5   creditor on schedule); <u>In re Kewanee Boiler Corp.</u>, 297 B.R. 720,

6   730 (Bankr. N.D. Ill. 2003) ("It is well-established that the

7   debtor's failure to schedule or notify a creditor of a Chapter

8   11 proceeding and the confirmation hearing precludes the

9   creditor's claim from being discharged in the bankruptcy

10   proceeding.").[2]

11        **Conclusion**

12        Because the discharge of an unscheduled ADA claim in a

13   Chapter 11 proceeding is a fact-based inquiry, the Court

14   concludes Plaintiff could plead facts sufficient to establish

15   the claim was not discharged because Plaintiff was a known

16   creditor who did not receive actual notice of the Chapter 11

17   proceeding and, therefore, the motion to dismiss must be denied.

18        **THEREFORE, IT IS ORDERED THAT** Defendant's motion to dismiss,

19   Docket No. 8, is **DENIED.**

20        DATED this 25th day of October, 2006.

21

22                _____

                          Mark E. Aspey

23                 United States Magistrate Judge

24

    _____

25        [2] Additionally, Plaintiff may be able to establish his

26   claim falls within an exception to the general rule of
  dischargeability, stated within 11 U.S.C. § 523. <u>See</u> <u>Kresmery v.</u>

27   <u>Service Amer. Corp.</u>, 227 B.R. 10, 14-15(D. Conn. 1998).

28                     -9-